UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

MONTA LITTLE,

                              Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer "JOHN"
SOTO; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                              Defendants.

------------------------------------------------------------------ x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 2 3 2010 ★

BROOKLYN OFFICE

SUMMONS ISSUED

Jury Trial Demanded

GLEESON, J.

LEVY M.J

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.    This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## PARTIES

7.     Plaintiff Monta Little ("plaintiff" or "Mr. Little"), an African-American male, is a resident of Kings County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Police Officer "John" Soto ("Soto"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Plaintiff does not know the first name and shield number of defendant Soto.  Defendant Soto is sued in his individual and official capacities.

10.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

2

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 4:30 p.m. on October 20, 2010, Mr. Little was lawfully present in front of 155 Siegel Street in Brooklyn, New York.

14.     Plaintiff was standing with three other individuals when several unidentified police officers arrived.

15.     The officers had no reason to suspect that Mr. Little was concealing contraband or involved in criminal activity.

16.     The officers unlawfully stopped Mr. Little and his companions and demanded that they produce identification.

17.     Mr. Little and his companions complied with the officers' demands and produced identification.

18.     As one of the officers held Mr. Little's identification in his hand he inexplicably asked Mr. Little his name.

19.     Mr. Little said nothing.

20.     The officer then handcuffed Mr. Little and placed him under arrest even though the officer had no reason to believe Mr. Little had committed any crime.

3

21.     Two police officers then led Mr. Little to the back of a marked police car and unlawfully searched his pockets.

22.     While an officer had his hand in Mr. Little's left front pants pocket, the officers attempted to force Mr. Little into the right rear door of the police car.

23.     Mr. Little asked the officer how he expected him to enter the vehicle with the officer's hand in his pocket blocking his way.

24.     When the officer did not respond Mr. Little repeated the question.

25.     This time the two officers responded by slamming Mr. Little onto the ground while he was still handcuffed.

26.     When he hit the ground, Mr. Little sustained physical injuries including an injury to his knee.

27.     Mr. Little was then placed in the police car and taken to a police precinct.

28.     Following Mr. Little's arrest, one of the officers told one of Mr. Little's companions that Mr. Little had been arrested, in sum and substance, because of his big mouth.

29.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Little commit Disorderly Conduct and resist arrest.

30.     After approximately four hours, Mr. Little was transported to Brooklyn

4

Central Booking where he was held overnight.

31.    The next morning, when Mr. Little was called to leave his cell, he went to stand up and his knee gave out.

32.    At arraignment, the criminal charges against Mr. Little were adjourned in contemplation of dismissal.

33.    After approximately twenty hours in custody, Mr. Little was released.

34.    The day after his release Mr. Little went to Woodhull Hospital to obtain medical treatment for his injuries.

35.    Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

36.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

37.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

38.    Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

39.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.    Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

41.    As a direct and proximate result of this unlawful conduct, Mr. Little sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

42.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

44.    As a direct and proximate result of this unlawful conduct, Mr. Little sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

45.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

47.     As a direct and proximate result of this unlawful conduct, Mr. Little sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### State Law False Imprisonment and False Arrest

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

50.     Plaintiff was conscious of his confinement.

51.     Plaintiff did not consent to his confinement.

52.     Plaintiff's confinement was not otherwise privileged.

53.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

54.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

7

## FIFTH CLAIM
### Unreasonable Force

55.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

57.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Assault and Battery

58.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.    By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

60.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

61.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

62.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.     The individual defendants created false evidence against Mr. Little.

64.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

65.     In creating false evidence against Mr. Little, and in forwarding false information to prosecutors, the individual defendants violated Mr. Little's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

66.     As a direct and proximate result of this unlawful conduct, Mr. Little sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Malicious Abuse Of Process

67.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68.     The individual defendants issued legal process to place Mr. Little under arrest.

9

69. The individual defendants arrested Mr. Little in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful stop, search and assault of him.

70. The individual defendants acted with intent to do harm to Mr. Little without excuse or justification.

71. As a direct and proximate result of this unlawful conduct, Mr. Little sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of Employment Services

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

74. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

10

75.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

76.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

77.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### First Amendment Retaliation

78.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79.    By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his

First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

80.     As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

81.     As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## ELEVENTH CLAIM
### Failure To Intervene

82.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

84.   Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

85.   As a direct and proximate result of this unlawful conduct, Mr. Little sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### *Monell*

86.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

87.   This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

88.   The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

89.   The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

90.    The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

91.    The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

92.    These policies, practices, and customs were the moving force behind plaintiff's injuries.

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:      December 23, 2010
            New York, New York

HARVIS & SALEEM LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@harvisandsaleem.com

*Attorney for plaintiff*

15